**FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| TOWNSHIP OF MARLBORO, | : | |
| Plaintiff, | : | Civil Action No. 07-4988 (JAP) |
| v. | : | |
| MATTHEW SCANNAPIECO, et al., | : | **OPINION** |
| Defendants. | : | |

PISANO, District Judge.

On October 17, 2007, Plaintiff the Township of Marlboro ("Marlboro") filed a Complaint against various individuals and entitles, asserting statutory claims under the federal Racketeer Influence and Corporate Organizations ("RICO") Act, 18 U.S.C. § 1961 *et seq.*, and the New Jersey RICO Act, N.J.S.A. 2C:41-1 *et seq.*, ("NJRICO"), as well as various common law claims. On November 12, 2007, Marlboro filed its Amended Complaint.[1] The crux of the Amended Complaint is that Defendants defrauded Marlboro by engaging in a scheme whereby certain

---

[1] Marlboro names as Defendants: Matthew Scannapieco, Stanley Young, Richard Vuola, Anthony Spalliero, Joseph Spalliero, Bernard Meiterman, Steven Meiterman, Edward Kay, Meiterman Custom Built Homes, Inc., Meiterman Development Group, L.L.C., Meiterman Properties, Inc., Meiterman Commercial Properties, L.L.C., Meiterman Holdings, Inc., Meiterman Construction Corporation, Triangle Ridge at Marlboro, L.L.C., Southpoint Property Management, L.L.C., Yudit, L.L.C., Frank G. Abate, John Does 1-25, and XYZ Corp. 1-25 (collectively, "Defendants"). The Amended Complaint added Frank G. Abate as a defendant. Defendants Bernard Meiterman, Steven Meiterman, Edward Kay, Meiterman Custom Built Homes, Inc., Meiterman Development Group, L.L.C., Meiterman Properties, Inc., Meiterman Commercial Properties, L.L.C., Meiterman Holdings, Inc., Meiterman Construction Corporation, Triangle Ridge at Marlboro, L.L.C., Southpoint Property Management, L.L.C., and Yudit, L.L.C. are referred to herein collectively as "Meiterman Defendants."

Defendants bribed their co-Defendants former Marlboro Mayor Matthew Scannapieco ("Scannapieco"), former Marlboro Planning Board Member Stanley Young ("Young"), former Marlboro Municipal Utilities Authority ("MUA") Member Richard Vuola ("Vuola"), and former Executive Director of the Western Monmouth Utilities Authority ("WMUA") Frank G. Abate ("Abate") in exchange for land use approvals necessary for the construction of certain land developments.

Presently before the Court are various motions to dismiss the RICO claim for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Marlboro opposes the motions. For the reasons set forth herein, the Court grants the motions to dismiss brought by Meiterman Defendants, Scannapieco, and Anthony and Joseph Spalliero (collectively, "Spalliero"), and joined by Defendants Young, Vuola, and Abate. In addition, the Court denies Marlboro's request for leave to amend its Amended Complaint and refrains from exercising supplemental jurisdiction over Marlboro's state law claims.

**I.    BACKGROUND**

Although this is a civil case, the conduct which forms the basis of Marlboro's allegations was the subject of previous criminal proceedings. The Amended Complaint alleges that Scannapieco, Young, Vuola, and Abate, in their official capacities, accepted bribes from Meiterman Defendants and Spalliero. Scannapieco served as Marlboro's mayor from 1992 until December 31, 2003. (Amended Complaint ("Am. Cmplt.") ¶ 28). As mayor, Scannapieco was also a member of the municipality's Planning Board and voted on development plans and projects in Marlboro. (Am. Cmplt. ¶¶ 28, 60). On April 12, 2005, Scannapieco pled guilty "to accepting bribes totaling approximately $245,000 from various developers seeking to develop

real estate in Marlboro, and to tax evasion for failing to pay federal taxes on the money he accepted from the developers." (Am. Cmplt. ¶ 28).

On July 7, 2005,[2] Vuola pled guilty to "having offered a corrupt payment on behalf of developers to members of the Town Council on two separate occasions, being solicited and received payment from a developer in exchange for his cooperation as a member of the MUA, possession of a firearm[,] and submission of a false 1998 tax return." (Am. Cmplt. ¶ 29). On June 20, 2005,[3] Young, who had served as a Planning Board Member from 2001 to 2004, pled guilty to receipt of corrupt payments. (Am. Cmplt. ¶¶ 33, 35). On May 25, 2007, a jury found Abate guilty of five counts of engaging in a scheme to defraud the public of his honest services, as well as one count of attempting to obstruct a grand jury investigation. (Am. Cmplt. ¶¶ 70-71).[4]

Based on these allegations, Marlboro asserts claims arising under the federal Racketeer Influence and Corporate Organizations ("RICO") Act, 18 U.S.C. § 1961 *et seq.*, and the New Jersey RICO Act, N.J.S.A. 2C:41-1 *et seq.*, ("NJRICO"), as well as various common law claims. Specifically, Marlboro asserts a claim under 18 U.S.C. § 1962(c). In Count One, the township alleges that Defendants "engaged in a pattern of racketeering activity individually and through the respective corporations and business entities in order to defraud Marlboro through an

---

[2] The Amended Complaint incorrectly states the date of the entry of Vuola's guilty plea as July 5, 2005. (Am. Cmplt. ¶ 29).

[3] The Amended Complaint incorrectly states the date of the entry of Young's guilty plea as May 29, 2005. (Am. Cmplt. ¶ 35).

[4] Although not specifically alleged in the Amended Complaint, the remaining individual Defendants also entered guilty pleas to criminal charges arising from this alleged bribery scheme.

elaborate bribery and extortion network." (Am. Cmplt. ¶ 77). Marlboro claims that, "between no later 1997 and 2004, . . . Defendants knowingly and willfully conspired to commit bribery and other fraudulent acts against Marlboro, directly and indirectly, through a pattern of various schemes, all with the specific intent to steal from and otherwise defraud [P]laintiff." (Am. Cmplt. ¶ 81).

The township proffers that these actions caused it "to suffer damages[.]" (Am. Cmplt. ¶ 87). Marlboro states that, "[a]s a direct and proximate cause of . . . Defendants' pattern of racketeering activity, Marlboro has suffered injuries and losses, including the total sum of all bribes and/or gratuities paid by and among . . . Defendants, and such other losses as will be established by evidence." (Am. Cmplt. ¶ 88). Based on those allegations, Marlboro seeks to recover, in part, "an amount equal to the sum of all bribes and/or gratuities, [and] disgorgement of all profits illegally obtained and received[.]" (Am. Cmplt. ¶ 77).

In Count Two of the Amended Complaint, Marlboro alleges that Defendants engaged in a conspiracy to violate RICO, in contravention of 18 U.S.C. § 1962(d). Marlboro reiterates that, "[a]s a direct and proximate cause of the aforesaid conspiracy, Marlboro has suffered injuries and losses, including the total sum of all bribes paid by and among . . . Defendants." (Am. Cmplt. ¶ 95). Counts Three through Eight assert state statutory and common law claims.

Meiterman Defendants, Scannapieco, and Spalliero move to dismiss Marlboro's Amended Complaint for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).[5] Meiterman Defendants argue that the Amended

---

[5] Abate and Young join the motion brought by Meiterman Defendants, and Vuola and Spalliero join the motions brought by both Meiterman Defendants and Scannapieco. Meiterman Defendants also join Scannapieco's motion, and Scannapieco joins Meiterman Defendants'

Complaint fails to set forth a RICO claim against them because Marlboro did not sufficiently allege a pattern of racketeering activity or a specific injury sustained.  Meiterman Defendants also submit that, even if Marlboro has sufficiently pled an injury, Marlboro's Amended Complaint nevertheless fails to establish a nexus between that injury and the conduct of Meiterman Defendants.

Scannapieco also argues that Marlboro fails to set forth any RICO claim because Marlboro has not alleged a business or property injury.  Scannapieco contends that RICO grants standing to bring a civil action only to those persons sustaining an injury to its business or property and, because Marlboro cannot establish proof of a concrete financial loss suffered due to the alleged bribery scheme, Marlboro lacks standing under 18 U.S.C. § 1964(c).  Scannapieco further submits that the Court, if finding that Marlboro lacks standing to bring a civil RICO action, should refrain from exercising supplemental jurisdiction over Marlboro's state statutory and common law causes of action.  Spalliero's arguments parallel those asserted by Scannapieco, but adds that the Court also should dismiss Marlboro's NJRICO claim for Marlboro's failure to establish a business injury.

Marlboro opposes the motions.  Marlboro argues that its Amended Complaint sets forth an injury sufficient to establish standing by its broad assertion that it sought to recover for all of the injuries sustained.  Marlboro further submits that municipalities have standing under civil RICO to recover as damages the value of bribes paid to its employees and the salary paid to an employee who is disloyal to the municipality.  Moreover, Marlboro contends that its pleading adequately alleges a pattern of racketeering activity.  Alternatively, the township requests that the

---

motion.

Court, in the event it finds the Amended Complaint insufficient to state a RICO claim, grant Marlboro leave to amend pursuant to Federal Rule of Civil Procedure 15(a). Specifically, Marlboro seeks leave to amend its Complaint to request as damages the amount of compensation it paid to Scannapieco and the other township employees named as Defendants.

## II. DISCUSSION

### A. Standard of Review under Federal Rule of Civil Procedure 12(b)(6)[6]

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted. On a motion to dismiss, the Court "must accept as true all factual allegations in the . . . complaint and all reasonable inferences that can be drawn from them." *Banks v. Wolk*, 918 F.2d 418, 419 (3d Cir. 1990). Nevertheless, recently refashioning the appropriate standard, the Supreme Court of the United States found that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955,

---

[6] The Court notes that it reviews Defendants' motions to dismiss for failure to establish RICO standing under Federal Rule of Civil Procedure 12(b)(6). The Third Circuit, however, has expressed some ambiguity as to whether a "perceived lack of RICO injury 'to business or property' sufficient to confer 'standing'" requires dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) rather than 12(b)(6). *Maio*, *supra*, 221 F.3d at 481 n.7. The Third Circuit, nevertheless, pointed out that it traditionally considers "issues of RICO . . . standing in the context of reviewing motions to dismiss pursuant to Rule 12(b)(6), despite the fact that the 'injury to business or property' and proximate causation requirements are considered aspects of the plaintiff's 'standing' to sue under section 1964(c) of RICO . . . ." *Ibid. Accord Anderson v. Ayling*, 396 F.3d 265, 269 (3d Cir. 2005) ("Civil RICO 'standing' is usually viewed as a 12(b)(6) question of stating an actionable claim, rather than as a 12(b)(1) question of subject matter jurisdiction." (citing *Maio*, *supra*)).

1964-65 (2007) (internal citations omitted); *see also Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (stating that standard of review for motion to dismiss does not require courts to accept as true "unsupported conclusions and unwarranted inferences" or "legal conclusion[s] couched as factual allegation[s]" (internal quotation marks omitted)). Therefore, for a complaint to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Twombly*, *supra*, 127 S. Ct. at 1965 (internal citations and footnote omitted).

However, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). A district court must provide a plaintiff an opportunity to amend its complaint even if the plaintiff does not seek leave to amend. *Ibid.* Generally, a court shall freely grant leave to amend, Fed. R. Civ. P. 15(a), but may deny leave "on the grounds that amendment would cause undue delay or prejudice, or that amendment would be futile[,]" *Winer Family Trust v. Queen*, 503 F.3d 319, 330-31 (3d Cir. 2007) (internal quotation marks omitted).

    **B.**    **Analysis**

Marlboro seeks to recover damages and relief provided for in 18 U.S.C. § 1964(c) for alleged violations of 18 U.S.C. § 1962(c) and (d). Section 1964(c) provides a civil remedy to "[a]ny person *injured in his business or property* by reason of a violation of section 1962 . . . ." 18 U.S.C. § 1964(c) (emphasis supplied). Under this section, a "plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the

conduct constituting the violation." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). It is the application of this standing requirement that is in issue before the Court.

To establish standing under section 1964(c), "a RICO plaintiff [must] make two related but analytically distinct threshold showings . . . : (1) that the plaintiff suffered an injury to business or property; and (2) that the plaintiff's injury was proximately caused by the defendant's violation of 18 U.S.C. § 1962." *Maio v. Aetna, Inc.*, 221 F.3d 472, 483 (3d Cir. 2000) (footnote omitted). Although "RICO is to be read broadly, . . . section 1964(c)'s limitation of RICO standing to persons injured in their business or property has a restrictive significance[.]" *Ibid.* (internal citations, quotation and editing marks omitted). That limitation "helps to assure that RICO is not expanded to provide a federal cause of action and treble damages to every tort plaintiff[,]" *ibid.* (internal quotation marks omitted), and focuses the inquiry of injury to the plaintiff's financial position, *West Virginia v. Moore*, 895 F. Supp. 864, 871 (S.D.W.Va. 1995) (applying nearly identical two-pronged standard to establish standing). Therefore, a plaintiff, to make a showing of standing under 18 U.S.C. § 1964(c), must proffer "proof of a *concrete financial loss* and not mere injury to a valuable intangible property interest." *Maio*, *supra*, 221 F.3d at 483 (internal quotation marks omitted) (emphasis supplied).

Defendants currently argue that Marlboro has not established that it suffered "a concrete financial loss" from the alleged bribery scheme such that the township has standing under the civil RICO statute. Defendants submit that Marlboro alleges only a speculative and general injury, rather than a business injury. Marlboro responds that it sufficiently pled a business injury and that it need not plead its alleged injury with specificity. Accordingly, in order to withstand dismissal, the facts as pled in the Amended Complaint, taken as true, must be sufficient to

support a showing that Marlboro, as a municipality, suffered a concrete financial injury to its business or property resulting from the alleged payment of bribes in exchange for various land use approvals.

This Court has previously noted the complex nature attendant to this issue. *County of Hudson v. Janiszewski*, 520 F. Supp. 2d 631, 641 n.4 (D.N.J. 2007). Nevertheless, absent case law on the issue in this jurisdiction, the Court recognizes that the United States Court of Appeals for the Second Circuit "has held that where a municipality sues under RICO, it must allege injury to its business or property in its capacity as a party to a commercial transaction." *City of New York v. JAM Consultants, Inc.*, 889 F. Supp. 103, 105 (S.D.N.Y. 1995). Under that standard, "[a]llegations that a municipality is seeking to vindicate its interests in the 'general economy' or in its 'ability to carry out its functions' do not state a claim under RICO." *Ibid.* (quoting *Town of W. Hartford v. Operation Rescue*, 915 F.2d 92, 104 (2d Cir. 1990).

The Court finds the Second Circuit's enunciation on the issue is consonant with the Third Circuit's "concrete financial loss" requirement and, thus, should be applied here. Indeed, a governmental agency's allegations that it suffered amorphous injuries to a right to its employees' honest services are *not* "concrete financial loss[es]" recoverable under RICO. Rather, a municipality like Marlboro must establish some "type of actual monetary loss that is sufficient to satisfy RICO's injury requirement." *In re Am. Investors Life Ins. Co. Annuity Marketing and Sales Practices Litig.*, 2007 WL 2541216, *25 (E.D. Pa. Aug. 29, 2007) (citing *Maio*, *supra*, 221 F.3d at 483-84).

Here, Marlboro alleges only that it suffered an injury, without specifying that injury. The Amended Complaint states that, "[a]s a direct and proximate cause of . . . Defendants' pattern of

racketeering activity, Marlboro has suffered injuries and losses, including the total sum of all bribes and/or gratuities paid by and among . . . Defendants, and such other losses as will be established by evidence." (Am. Cmplt. ¶ 88). Marlboro also claims, however, that Defendants' conduct defrauded it and deprived it of its right to its employees' honest services. Essentially, Marlboro claims that it suffered an injury by its employees' failures to fulfill their fiduciary obligations as public officials. It further alleges that those Defendants who were not employed by the township but who bribed the public officials proximately caused their co-Defendants to breach those duties owed to Marlboro.

Construing as true all factual allegations asserted in the Amended Complaint, the Court concludes that Marlboro has failed to allege an injury to business or property sufficient to maintain a civil RICO cause of action pursuant to 18 U.S.C. § 1964(c). Marlboro has not pled any financial loss arising from Defendants' conduct. Rather, Marlboro emphasizes that Defendants' conduct defrauded the township and its citizens, deprived it of its "intangible right to the honest services" of its employees, and caused a diminution of public confidence. These types of injuries do not affect any of Marlboro's financial interests in business or property.[7] In addition, Marlboro has failed to claim any other injury resulting from the allegedly improper grant of land use approvals—such as a concrete loss to property value caused by the developments that were approved only because of the bribes paid.

The incalculable, intangible injuries allegedly sustained by Marlboro cannot give rise to

---

[7] The pervasive corruption of public officials (such as Scannapieco, Young, Vuola, and Abate) naturally causes loss of faith in government, and the citizens of Marlboro are justified in their indignation. Loss of faith in government is an appropriate sentencing factor that may have been considered by the courts in which these defendants were convicted. However, this is not the kind of injury contemplated by RICO statutes.

standing to seek treble damages under RICO. *See Sedima*, *supra*, 473 U.S. at 496-97 ("[A] defendant who violates section 1962 is not liable for treble damages to everyone he might have injured by other conduct, nor is the defendant liable to those who have not been injured." (internal quotation and editing marks omitted)). Absent a financial loss, Marlboro cannot seek to recover the money allegedly paid in the form of bribes. Moreover, although it is to read RICO broadly, the Court cannot extend standing to those governmental entities that cannot establish that it suffered any concrete loss, let alone a financial one. As a result, the Court concludes that Marlboro has failed to allege an injury to its business or property such that it may maintain a cause of action under section 1964(c).

Next, the Court considers whether Marlboro's proposed amendments to its pleading would cure its lack of standing. Marlboro seeks to specifically plead that it sustained a concrete financial loss in the form of the salaries paid to Scannapieco, Young, Vuola, and Abate. According to Marlboro, its employment relationship with these Defendants was business-based, and, thus, the financial loss of salary paid to its unfaithful employees is sufficient to confer standing under section 1964(c). In so arguing, the township relies on a case from the Southern District of New York that has held that "[s]alary payments to an employee who either fails to perform his duties or performs them corruptly may be recovered from the employee under RICO." *JAM Consultants*, *supra*, 889 F. Supp. at 105. That court reasoned that, under New York agency law, "an employee who is disloyal to the interests of his employer forfeits his right to compensation for services rendered by him." *Ibid.*

The Court recognizes that it has applied this case to find that intangible interests, such as one in the "general economy[,]" are not business or property injuries under RICO. *Ibid.*

Nevertheless, the Court refrains from adopting here the principle enunciated in that case as to the ability to state a RICO claim for recovery of a faithless employee's salary. The Court emphasizes that the New York opinion established that principle based on New York agency law, which "impose[s] forfeiture on all compensation paid or owing an employee during a period of disloyalty." *Cameco, Inc. v. Gedicke*, 157 N.J. 504, 520 (1999) (comparing other state agency laws to formulate new standard for forfeiture of compensation). *Accord Western Elec. Co. v. Brenner*, 360 N.E.2d 1091, 1094 (N.Y. Ct. of App. 1977).

However, New Jersey agency law is more restrictive than New York law on the issue of salary forfeiture. *Cameco*, *supra*, 157 N.J. at 520. The Supreme Court of New Jersey has held that

> the egregiousness of the employee's conduct may affect the employer's right to withhold or recoup the employee's compensation. If the employee directly competes with the employer, aids the employer's direct competitors or those with interests adverse to the employer's interests, participates in a plan to destroy the employer's business, or secretly deprives the employer of an economic opportunity, the employee may forfeit the right to compensation. In contrast, if the employee's breach is minor, involves only a minimal amount of time, or does not harm the employer, the employee may be entitled to all or substantially all of his or her compensation.

*Id.* at 521 (citations omitted). Indeed, New Jersey agency law differs drastically from that of New York. Due to that difference, and the New York court's reliance on New York agency law, the Court refrains from adopting here the principle that "[s]alary payments to an employee who either fails to perform his duties or performs them corruptly may be recovered from the employee under RICO." *JAM Consultants*, *supra*, 889 F. Supp. at 105.[8]

---

[8] In addition to New York case law, the New York court also cites to an opinion from the Northern District of Illinois, in which it was held that a city may recover the compensation paid to a disloyal employee under RICO. *JAM Consultants*, *supra*, 895 F. Supp. At 870-71 (citing *County of Cook v. Lynch*, 620 F. Supp. 1256, 1257 (N.D. Ill. 1985)). The Court notes that

Although Marlboro may be entitled to recover some or all of the salary it paid to those Defendants it employed under a common law claim for breach of fiduciary duty, such an entitlement does not require the finding that Marlboro may invoke civil RICO to treble such damages. Significantly, a business injury within the meaning of 18 U.S.C. §1964(c) does not necessarily encompass all common law theories of damages. *Moore*, *supra*, 895 F. Supp. at 870. As noted above, RICO permits a plaintiff to recover only those injuries proximately caused by the alleged RICO violations. *Maio*, *supra*, 221 F.3d at 483. *Accord Curiale v. Capolino*, 883 F. Supp. 941, 949 (S.D.N.Y. 1995) (finding that business injury requirement "strongly suggests that [a] plaintiff is entitled to recover under RICO only that part of the commission which the plaintiff would have realized absent the RICO violation"). As a result, an injury sufficient to confer standing must be one that the plaintiff would not have incurred but for the violations of section 1962.

The Court finds that Marlboro's payment of salaries to Scannapieco, Young, Vuola, and Abate were not proximately caused by any alleged bribery scheme. Indeed, Marlboro would have made such payments even if these Defendants did not engage in the alleged bribery scheme. In other words, the alleged violations of section 1962 did not cause, either directly or indirectly, Marlboro to compensate its employees. Accordingly, the Court holds that Marlboro cannot maintain a RICO claim under section 1964(c) to recover the salaries paid to those Defendants it employed and, thus, any amendment to Marlboro's pleading to make such an allegation would be

---

Illinois agency law mirrors New York law and, accordingly, more broadly provides for the forfeiture of compensation irrespective of the severity of the employee's breach. *Cameco*, *supra*, 157 N.J. at 520 (citing *ABC Trans Nat'l Transp., Inc. v. Aeronautics Forwarders, Inc.*, 413 N.E.2d 1299, 1315 (Ill. App. Ct., 1st Dist., 5th Div. 1980)).

futile.

### III.   CONCLUSION

For the reasons expressed above, the Court concludes that Marlboro has failed to allege an injury to its business or property such that it may maintain a cause of action under section 1964(c).  Therefore, the Court grants Defendants' motions to dismiss Marlboro's RICO claim.  In addition, the Court holds that Marlboro's proposed amendments to its Amended Complaint would not cure the deficiencies in its pleading.  Therefore, because granting leave to amend would be futile, the Court denies Marlboro's request for leave to amend its RICO claim.  Finally, the Court refrains from exercising supplemental jurisdiction over Marlboro's remaining state statutory and common law claims and dismisses Marlboro's Amended Complaint in its entirety.  An appropriate order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: April 23, 2008